UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NAKUL KARKARE, M.D. ATTORNEY-IN
FACT ON BEHALF OF PATIENT JP,

        Plaintiff,

   v.

AETNA LIFE INSURANCE COMPANY.

        Defendant.

-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

21-CV-07152 (MKB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint ("the Motion") at Electronic Case File Number ("ECF No.") 23. Plaintiff responded to the Motion at ECF No. 24, and Defendant replied to the response at ECF No. 25. The Motion was referred to the undersigned by Chief Judge Margo K. Brodie on October 3, 2022. As explained herein, the Court recommends that Chief Judge Brodie GRANT the Motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).

I.    **BACKGROUND**

   A. **Plaintiff's Allegations**

The relevant background facts are based on the Complaint (at ECF No. 1) and the documents filed in support of the Motion.

Dr. Nakul Karkare purports to bring this action on behalf of Patient JP ("Plaintiff") against AETNA Life Insurance Company ("Defendant"), pursuant to a Power of Attorney which apparently was executed by Patient JP. ECF No. 1, ¶ 30. Dr. Karkare is affiliated with AA Medical, P.C. ("AA Medical"), which is located in Centereach, New York and is an out-of-network medical provider with respect to Defendant. *Id.* ¶¶ 2-3. Dr. Vendant Vaksha and Dr.

Thor Rhodin, both affiliated with AA Medical, performed surgery on Patient JP on September 2, 2018 (specifically, "an emergency closed reduction of a fractured tibia and fibula with external fixatator [sic] application spanning the left knee joint, after the patient presented at the emergency room"). *Id.* ¶ 4. On September 20, 2018, Dr. Vaksha, Dr. Rhodin, and Dr. Karkare performed an additional surgery on Patient JP ("specifically, open reduction and internal fixaction [sic] of the optical plateau and shaft with lateral proximal tibial plate with screws and interfragmentary screws; external fixator removal, and debridement."). *Id.*

Subsequently, Plaintiff submitted invoices to Defendant for payment of $1,271,489.04. *Id.* Defendant paid $359,154.44, leaving unpaid the balance of $912,33.60, which remains the responsibility of Patient JP. *Id.* Plaintiff claims Defendant stated the "charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement." *Id.* ¶ 16. However, the Complaint alleges that there is no fee schedule or contracted fee arrangement in place because AA Medical is out of network. *Id.* ¶¶ 17-18. Nevertheless, Plaintiff alleges Defendant did not fully reimburse Plaintiff the maximum allowable rate for non-elective covered surgical services under the plan. *Id.* ¶¶ 17-18. Plaintiff further claims that it exhausted administrative remedies by appealing the claims to Defendant. *Id.* ¶ 23. Plaintiff alleges Defendant failed to comply with 29 C.F.R. § 2560.503-1(g) by not providing certain justification for the partial fee reimbursement. *Id.* ¶¶ 26-28. In the Complaint, Plaintiff alleges only one cause of action – specifically, Defendant's violation of the Employee Retirement Income Security Act ("ERISA") § 502(a)(l)(B), 29 U.S.C. § 1132(a)(l)(B) ("ERISA Section 502(a)(1)(B)") by failing to reimburse Plaintiff the maximum allowable amount under the plan. *Id.* ¶¶ 31-35.

In pursuing this cause of action, Plaintiff has not alleged the existence of any assignment from Patient JP to Dr. Karkare. In fact, Patient JP's relevant insurance plan titled "Open Access

2

Managed Choice Medical Expense Insurance Plan" (the "Plan") included an anti-assignment provision, stating that:

> Unless we have agreed to do so in writing and to the extent allowed by law, we will not accept an assignment to an **out-of-network provider** or facility under this group policy.  This may include:
> - The benefits due;
> - The right to receive payments; or
> - Any claim you make for damages resulting from a breach, or alleged breach, of the terms of this group policy.

ECF. No. 23-4, p. 71; ECF No. 23-3, ¶ 3.

Therefore, in seeking to pursue this action, "Plaintiff received a Power of Attorney from the Patient."  ECF No. 1, ¶ 30.

### B. Procedural History of the Motion

On March 8, 2022, Defendant filed a letter to request a pre-motion conference to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  ECF No. 10.  On June 23, 2022, the Motion, Plaintiff's Response, and Defendant's Reply were filed.  ECF Nos. 23 to 25.  On October 3, 2022, Chief Judge Brodie referred the Motion to the undersigned for a Report and Recommendation.  October 3, 2022 Order.  On October 27, 2022, Defendant filed a notice of supplemental authority, raising to the Court's attention recent decisions by District Judge Gary R. Brown in factually similar cases involving Dr. Karkare.  ECF No. 29 (discussing *Nakul Karkare, M.D., Attorney in Fact on behalf of patient J.N. v. Iron Workers Local 580*, No. 2:22-cv-5988-GRB-AYS (E.D.N.Y.) ("*Iron Workers*"); *Nakul Karkare, M.D., Attorney-in-Fact on behalf of patient D.B. v. Raymours Furniture Co., Inc.*, No. 2:22-cv-5014-GRB-ST (E.D.N.Y.) ("*Raymours*")).  Plaintiff responded, noting there were pending motions for reconsideration in both cases.  ECF No. 30.  On October 31, 2022, Plaintiff filed an additional notice of supplemental authority, noting that Judge Brown recently denied the motions for reconsideration

3

in the *Iron Workers* and *Raymours* cases brought by Dr. Karkare.  ECF No. 31.

### C. The Motion and Related Filings

Defendant argues first that the Complaint should be dismissed under Rule 12(b)(1) because Plaintiff lacks Article III standing to pursue this action.  ECF No. 23-2, pp. 5-10.  The Motion then argues that the Complaint should be dismissed under Rule 12(b)(6), because Plaintiff fails to state a claim as Dr. Karkare is statutorily precluded from bringing this lawsuit and the Complaint fails to plead a plausible cause of action under ERISA.  *Id.*, pp. 10-16.

In response, Plaintiff primarily focuses on the issue of ERISA standing, highlighting several cases (primarily from outside the Second Circuit), whereby courts found adequate standing based on a power of attorney.  ECF No. 24, pp. 8-13.

## II. DISCUSSION

The Court finds Plaintiff fails to plead an adequate cause of action under ERISA and recommends to Chief Judge Brodie that this case be dismissed pursuant to Rule 12(b)(6).

### A. Legal Standard

Pursuant to Rule 12(b)(6), a case may be dismissed for "failure to state a claim upon which relief can be granted."  *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 59-60 (2d Cir. 2016).  To bring a case, a Plaintiff must have "a cause of action under the applicable statute."  *Id.*; *see also Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, No. 19-CV-9761, 2021 WL 665045, at *5 (S.D.N.Y. Feb. 19, 2021) (granting a motion to dismiss for failure to state a claim under ERISA).

In considering a motion based on both rules, the Court construes "the complaint in plaintiff's favor and accept[s] as true all material factual allegations contained therein." *Donoghue v. Bulldog Investors General Partnership*, 696 F.3d 170, 173 (2d Cir. 2012).

## B. Failure to State a Cause of Action Under ERISA

Plaintiff fails to state a claim upon which relief can be granted under ERISA Section 502(a)(1)(B). This provision provides that an action "to recover benefits due to him under the terms of his place, to force his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" may be brought "by a participant or beneficiary" in a civil action. ERISA Section 502(a)(1)(B).

In this Circuit, a power of attorney is insufficient for a provider to bring suit on behalf of a patient under ERISA. *See Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016). The Second Circuit has considered whether providers could stand in the shoes of their patients to bring suit under a similar provision (ERISA Section 502(a)(3)) and held that they did not have a cause of action under the statute, as plaintiffs are limited to "a participant, beneficiary, or fiduciary." *Id.*

Similarly, in *Med. Soc'y of New York v. UnitedHealth Grp. Inc.*, No. 16-CV-5265, 2017 WL 4023350, at *7 (S.D.N.Y. Sept. 11, 2017), the district court considered whether a provider facility could pursue a claim as an "authorized representative" or "attorney-in-fact" for patients. The court explained that ERISA clearly enumerates who may bring suit under the statute and, without a valid assignment, an unenumerated third party lacks a cause of action under the statute. *Id.* The court explained:

> Plaintiffs argue in the alternative that Podiatric may pursue this claim as the "authorized representative" or "attorney-in-fact" for Patients A and B. (See Dkt. No. 54 at 14–16.) But this argument is unavailing. ERISA "unambiguously provides that a civil action ... may be brought 'by a participant, beneficiary, or fiduciary,'" *Am. Psychiatric Ass'n*, 821 F.3d at 360 (quoting 29 U.S.C. § 1132(a)(3)), and "[c]ourts have consistently read [this provision] as strictly limiting the universe of plaintiffs who may bring certain civil actions," *id.* (alterations in original) (quoting *Connecticut v. Physicians Health Servs. of Conn.*, 287 F.3d 110, 121 (2d Cir. 2002)) (internal quotation marks omitted). "ERISA carefully

5

> enumerates the parties entitled to seek relief," *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27 (1983), and courts "cannot expand the congressionally-created statutory list of those who may bring a cause of action by importing third-party prudential considerations[,] ... irrespective of whether [physicians] may stand in the shoes of their patients in other matters," *Am. Psychiatric Ass'n*, 821 F.3d at 360. Absent a valid assignment of Patient A and B's claims, Podiatric lacks a cause of action under ERISA. Consequently, Podiatric is dismissed from this suit.

*Id.*

Here, the action is being brought by Dr. Karkare on behalf of the participant. However, this ERISA Section 502(a)(1)(B) claim may only be brought "by a participant or beneficiary," and Dr. Karkare does not fall into either category. Plaintiff's argument that Dr. Karkare is bringing this case on behalf of Patient JP under a Power of Attorney is similar to that made in *United Health* and similarly unconvincing. *See UnitedHealth*, 2017 WL 4023350, at *7.

Finally, as detailed by Defendant in their supplemental submission, Judge Brown recently concluded in two cases involving Dr. Karkare (*Iron Workers* and *Raymours*) that Plaintiff lacked a cause of action to pursue similar cases under ERISA. ECF No. 29. On October 21, 2022, Judge Brown issued orders dismissing both cases due to the absence of evidence of a valid assignment from each patient to Dr. Karkare:

> In response to the Court's Order to Show Cause, dated 10/19/22, directing Plaintiff to file proof of a valid assignment of claim, Plaintiff responded citing a string of out of circuit authority in support of the proposition that a power of attorney alone is sufficient to establish standing. In the Second Circuit, however, a power of attorney is insufficient to allow a physician to maintain a cause of action on behalf of a patient under ERISA. *See Connecticut v. Physicians Health Servs. Of Connecticut, Inc.*, 287 F.3d 110, 117 (2d Cir. 2002) ("[A] valid and binding assignment of a *claim* (or a portion thereof) not only the right or ability to bring suit may confer standing on the assignee."); *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 360 (2d Cir. 2016) ("[W]e cannot expand the congressionally-created statutory list of those who may bring a cause of action by importing third-party prudential considerations. The psychiatrists here lack a cause of action under ERISA's § 502(a)(3), irrespective of whether they may stand in the shoes of their patients in

6

> other matters."); *Flynn v. Anthony Mion & Son, Inc.*, 112 F. App'x 101, 102 (2d Cir. 2004) ("[T]he plaintiffs' evidence at most establishes that the Fund enjoys the power of attorney to bring claims on behalf of its affiliates as their agent. The Fund does not own their causes of action under 29 U.S.C. §§ 185 and 1145, however, and it may not, therefore, bring those claims in its own name."); *Med. Soc'y of New York v. UnitedHealth Grp. Inc.*, 2017 WL 4023350, at *7 (S.D.N.Y. Sept. 11, 2017) ("Plaintiffs argue in the alternative that Podiatric may pursue this claim as the 'authorized representative' or 'attorney-in-fact' for Patients A and B . . . But this argument is unavailing. . . . Absent a valid assignment of Patient A and B's claims, [plaintiff] lacks a cause of action under ERISA."). Due to plaintiff's failure to allege a valid assignment, this case must be DISMISSED.

*Nakul Karkare, M.D., Attorney-in-Fact on behalf of patient D.B. v. Raymours Furniture Co., Inc.*, No. 2:22-cv-5014-GRB-ST (E.D.N.Y. Oct. 21, 2022); *see also Nakul Karkare, M.D., Attorney in Fact on behalf of patient J.N. v. Iron Workers Local 580*, No. 2:22-cv-5988-GRB-AYS (E.D.N.Y. Oct. 21, 2022).

On October 28, 2002, Judge Brown denied Dr. Karkare's motions for reconsideration in both cases.  The court's reasoning in the *Iron Workers* and *Raymours* cases brought by Dr. Karkare based on only a power of attorney with a patient is compelling and justifies dismissal of the instant case brought by Dr. Karkare on identical grounds.

Therefore, as Plaintiff purports to pursue this case based on the Power of Attorney with Patient JP, rather than an assignment (which, in any event, may be unenforceable due to the Plan's anti-assignment provision), this Complaint fails to allege a cause of action under ERISA.

### C. Remaining Arguments

Defendant asserts additional arguments in seeking to dismiss the Complaint.  *See* DE 23-2, pp. 5, 14.  Based on the foregoing recommendation that the Court dismiss the complaint for failure to state a cause of action, "the Court need not address [D]efendants' other arguments." *Brady v. Top Ships Inc.*, No. 17-CV-4987, 2019 WL 3553999, at *17 (E.D.N.Y. Aug. 5, 2019),

7

*aff'd sub nom. Onel v. Top Ships, Inc.*, 806 F. App'x 64 (2d Cir. 2020).

### III. CONCLUSION

In conclusion, the undersigned recommends that the Motion to Dismiss pursuant to Rule 12(b)(6) be GRANTED and the Complaint be DISMISSED with prejudice.

### IV. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Chief Judge Brodie. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

**SO ORDERED:**

Dated: Central Islip, New York
November 7, 2022

s/ Lee G. Dunst

**LEE G. DUNST**
United States Magistrate Judge