UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
NAKUL KARKARE, *attorney-in-fact on behalf of patient* JP,

                      Plaintiff,

        v.

AETNA LIFE INSURANCE CO.,

                      Defendant.
-------------------------------------------------------------------

**MEMORANDUM & ORDER**
21-CV-7152 (MKB) (LGD)

MARGO K. BRODIE, United States District Judge:

Plaintiff Nakul Karkare, acting as attorney-in-fact on behalf of patient JP, commenced the above-captioned action against Defendant Aetna Life Insurance Co. on December 28, 2021, alleging that Defendant under-reimbursed the provider with which Plaintiff is affiliated, AA Medical, for a specialized orthopedic surgery. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a)(l)(B) ("ERISA"), and seeks unpaid benefits and interest. (*Id.* ¶ 35.) On June 23, 2022, Defendant moved to dismiss the Complaint and Plaintiff opposed the motion.[1] On October 3, 2022, the Court referred Plaintiff's motion to Magistrate Judge Lee G. Dunst for a report and recommendation. (Order dated Oct. 3, 2022.)

By report and recommendation dated November 7, 2022, Judge Dunst recommended that the Court grant Defendant's motion because the Complaint fails to allege a cause of action under

---

[1] (Def.'s Notice of Mot. to Dismiss ("Def.'s Mot."), Docket Entry No. 23; Def.'s Mem. in Supp. of Def.'s Mot. ("Def.'s Mem."), Docket Entry No. 23-2; Pl.'s Mem. in Opp'n to Def.'s Mot. ("Pl.'s Opp'n"), Docket Entry No. 24; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 25.)

ERISA (the "R&R"). (R&R 7, Docket Entry No. 32.) Plaintiff filed an objection to the R&R on November 10, 2022 ("Plaintiff's Objection"). (*See* Pl.'s Obj. to R&R ("Pl.'s Obj."), Docket Entry No. 33.) Defendant responded on November 23, 2022, and Plaintiff filed a reply on November 29, 2022. (*See* Def.'s Resp. in Opp'n to Pl.'s Obj. ("Def.'s Resp."), Docket Entry No. 34; Pl.'s Reply in Supp. of Pl.'s Obj. ("Pl.'s Reply"), Docket Entry No. 35.)

For the reasons explained below, the Court adopts the R&R and dismisses Plaintiff's Complaint.

I. **Background**

    a. **Factual background**

The Court assumes familiarity with the facts set forth in the R&R and provides only a summary of the relevant procedural history and pertinent facts.[2]

Defendant is a health insurance company. (Compl. ¶ 10.) Plaintiff is a surgeon affiliated with AA Medical, a surgical practice group outside Defendant's provider network. (*Id.* ¶ 9, 17.) On September 2, 2018 and September 20, 2018, surgeons affiliated with AA Medical performed medically necessary surgeries on patient JP. (*Id.* ¶¶ 11–14.) After performing these surgeries, Plaintiff submitted invoices totaling $1,271,489.04 to Defendant. (*Id.* ¶ 15.) Defendant paid $359,154.44, leaving an unreimbursed amount of $912,334.60, which remains the responsibility of patient JP. (*Id.*) Plaintiff received a power of attorney from JP, (*id.* ¶ 30), and appealed the reimbursement amount to Defendant, but Defendant denied the appeal. (*Id.* ¶ 23.)

---

[2] The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

### b. R&R

In the R&R, Judge Dunst recommended that the Court grant Defendant's motion and dismiss the Complaint on the grounds that Defendant failed to plead an adequate cause of action under ERISA. (R&R 4, 7.) Judge Dunst noted that ERISA § 502(a)(1)(B) provides that an action "'to recover benefits due to him under the terms of his plan, to force his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan' may be brought 'by a participant or beneficiary' in a civil action." (*Id.* at 5 (quoting § 502(a)(1)(B))). He also considered decisions in two factually similar cases involving Plaintiff: *Karkare v. Raymours Furniture Co., Inc.*, No. 22-CV-5014 (E.D.N.Y.) and *Karkare v. Iron Workers Local 580*, No. 22-CV-5988 (E.D.N.Y.). (R&R 6–7.) In each, the court ordered Plaintiff to show cause why the matter should not be dismissed "in light of the requirement that a physician must demonstrate a valid assignment of a claim from a beneficiary to maintain a cause of action for unpaid benefits under ERISA," and, after consideration of Plaintiff's submission, dismissed the case. (*Id.*)

Judge Dunst concluded that "[i]n this Circuit, a power of attorney is insufficient for a provider to bring suit on behalf of a patient under ERISA." (*Id.* at 5 (citing *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016)). He noted that the Second Circuit "has considered whether providers could stand in the shoes of their patients to bring suit under a similar provision (ERISA Section 502(a)(3)) and held that they did not have a cause of action under the statute, as plaintiffs are limited to 'a participant, beneficiary, or fiduciary.'" (*Id.* (quoting *Am. Psychiatric Ass'n*, 821 F.3d at 358)). Judge Dunst recommended that the Court dismiss the case since the action is "being brought by [Plaintiff] on behalf of [a] participant" and ERISA § 502(a)(1)(B) requires that a claim be brought only by a participant or beneficiary. (*Id.*

3

at 6.) Judge Dunst concluded that the "court's reasoning in the *Iron Workers* and *Raymours* cases brought by Dr. Karkare based on only a power of attorney is compelling and justifies dismissal of the instant case brought by Dr. Karkare on identical grounds." (*Id.* at 7.)

    c.  **Plaintiff's objection**

Plaintiff objects to the R&R on the grounds that Judge Dunst "erred in rejecting the utilization of a power of attorney to achieve standing under ERISA." (Pl.'s Obj. 1.) Plaintiff argues that he "is not a third party" and "does not stand in the shoes of the plan member but is attorney in fact for the patient." (*Id.* at 7.) Thus, because "[t]he claim continues to be owned by the plan member, a participant in the ERISA plan at issue," and the plan member has standing under ERISA § 502(a)(1)(B), Plaintiff, acting on behalf of the plan member — JP — also has standing. (*Id.*)

## II. Discussion

    a.  **Standards of review**

        i.  **R&R**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1). When a party submits a timely objection to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected. *Id.*; *see also United States v. Romano*, No. 15-CR-992, 2022 WL 402394, at *3 (2d Cir. Feb. 10. 2022) (citing *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015)). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. *See S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, at *1 n.1 (2d Cir.

4

May 4, 2022) (noting that district court applied correct legal standard in conducting de novo review of portions of magistrate's report to which specific objections were made and reviewing portions not objected to for clear error).  The clear error standard also applies when a party makes only conclusory or general objections.  Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations."); *see also Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 F. App'x 575, 579 (2d Cir. 2020) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)." (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (noting that "general objection[s] [are] insufficient to obtain de novo review by [a] district court").

        **ii.  Rule 12(b)(6)**

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (same).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bacon v. Phelps*, 961 F.3d 533, 540 (2d Cir. 2020) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Cavello Bay Reinsurance Ltd. v. Shubin*

*Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *Vaughn*, 957 F.3d at 145 (quoting *Iqbal*, 556 U.S. at 678).

### b.  Plaintiff may not bring a claim under ERISA § 502(a)(1)(B)

Defendant argues that "[Plaintiff] lacks Article III constitutional standing to bring his claims" since "a power of attorney alone is insufficient for a provider to bring suit on behalf of a patient under ERISA." (Def.'s Resp. 2, 5.) In support, Defendant argues that Plaintiff is "not a 'participant or beneficiary' under JP's plan and, therefore, lacks 'statutory standing' to bring a claim under ERISA." (*Id.* at 5.) Defendant also argues that Plaintiff's claim should be dismissed on the merits since Plaintiff "does not identify the specific provisions in the Plan that supposedly entitle him to relief." (*Id.*)

Plaintiff argues that he "is not a third party," (Pl.'s Obj. 5), "but is attorney in fact for the patient," (*id.* at 7). He argues that because "[t]he claim continues to be owned by the [patient]," who has standing under ERISA § 502(a)(1)(B), Plaintiff also has standing acting on the patient's behalf. (*Id.*) Plaintiff argues that because he "acts as attorney-in-fact on behalf of the plan member, who remains the actual first-party," "[t]here are no third party considerations in this case and the importation of third party prudential considerations does not apply." (*Id.* at 1–2.) Further, Plaintiff argues that "[t]he Second Circuit has not ruled that a plaintiff provider granted a power of attorney from a patient cannot bring an ERISA action in the name of the patient as attorney in fact," and that other "courts in this circuit have upheld standing pursuant to a power of attorney." (*Id.* at 4.)

"[T]he detailed provisions of [ERISA] § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee

6

benefit plans." *Plastic Surgery Group, P.C. v. United Healthcare Ins. Co. of N.Y., Inc.*, 64 F. Supp. 3d 459, 464 (2d Cir. 2014) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). "[T]he inclusion of certain remedies and the exclusion of others under [§ 502's] federal scheme . . . 'provide[s] strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly.'" *Id.* (quoting *Pilot Life Ins. Co.*, 481 U.S. at 54) (alterations in original)). Section 502(a)(1)(B) pertains to the private right to recovery of benefits under a plan, and provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Parties who are "not among those expressly authorized to sue, . . . lack a cause of action under ERISA." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 361 (2d Cir. 2016). While the Second Circuit, "[l]ike most of [its] sister circuits . . . allow[s] physicians to bring claims under § 502(a) based on a valid assignment from a patient," *id.*, "[t]his narrow exception grants standing only to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care benefits." *Id.* (quoting *Simon v. Gen. Elec. Co.*, 263 F.3d 176, 178 (2d Cir. 2001)); *see also Connecticut v. Physicians Health Servs. of Conn.*, 287 F.3d 110, 117 (2d Cir. 2002) ("[A] valid and binding assignment of a claim (or a portion thereof) — not only the right or ability to bring suit — may confer standing on the assignee."). "The grant of a power of attorney is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17–18, (2d Cir. 1997) (citation omitted); *see also W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) ("[Supreme Court precedent] therefore implicitly

7

supports the holding of *Advanced Magnetics* that a mere power-of-attorney — i.e., an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor, does not confer standing to sue in the holder's own right because a power-of-attorney does not confer an ownership interest in the claim.  By contrast, an assignment of claims confers legal title or ownership of those claims and thus fulfills the constitutional requirement of an 'injury-in-fact.'" (first citing *Sprint Commc'ns. Co., L.P. v. APCC Servs.*, 554 U.S. 269 (2008); then citing Black's Law Dictionary 1209 (8th ed. 2004); then quoting *Advanced Magnetics*, 106 F.3d at 17–18)); *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 420 (2d Cir. 2015) (noting "the continuing relevance of *Advanced Magnetics*" and concluding that "[i]t is still true that 'the minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim." (quoting *W.R. Huff Asset Mgmt. Co.*, 549 F.3d at 108)).

  The Court adopts the recommendation and dismisses the Complaint because Plaintiff lacks a cause of action under ERISA.  *See Am. Psych. Ass'n*, 821 F.3d at 361.  The Second Circuit's holding in *American Psychiatric Association* controls the disposition of this case.  821 F.3d 352.  In *American Psychiatric Association* a group of psychiatrists and professional associations of psychiatrists brought a suit on behalf of themselves and their patients, alleging that defendant health insurers' reimbursement policies violated ERISA and the Mental Health Parity and Addition Equity Act of 2008.  *Id.* at 355–56.  The Court considered whether the psychiatrists were permitted to assert ERISA claims on behalf of their patients and concluded that they were not.  *Id.* at 362.  The Court found that "[s]ection 502(a)(3) unambiguously provides that a civil action under ERISA may be brought 'by a participant, beneficiary, or fiduciary,'" (*id.* at 360 (quoting 29 U.S.C. § 1132(a)(3))), and because "the psychiatrists are not among those expressly authorized to sue, they lack a cause of action under ERISA," *id.* at 361.

8

*See also Franchise Tax Bd. of the State of Calif. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27 (1983) ("ERISA carefully enumerates the parties entitled to seek relief under [§ 502(a)(3)]; it does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action . . . ."); *Physicians Health Servs. of Conn.*, 287 F.3d at 121 ("Courts have consistently read [section 502(a)(3)] as strictly limiting the universe of plaintiffs who may bring certain civil actions. Absent a valid assignment of a claim, at least, non-enumerated parties lack statutory standing to bring suit under [§ 502(a)(3)] even if they have a direct stake in the outcome of the litigation." (quoting *Harris Tr. and Savs. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 247 (2000)) (citations omitted)).

Section 502(a)(1)(B), the provision at issue in this case, provides that "a civil action may be brought" by a "participant or beneficiary," and is thus narrower than the provision at issue in *American Psychiatric Association*. 29 U.S.C. § 1132(a)(3). Plaintiff is neither a "participant" nor a "beneficiary" under the statute, and concedes that he does not have an assignment to JP's claim. (Pl.'s Obj. 4 ("The patient did not grant an assignment because there is an anti-assignment provision in the Plan.")). Accordingly, for the same reason that the providers in *American Psychiatric Association* were not permitted to bring ERISA claims under section 502(a)(3), Plaintiff is not permitted to bring an ERISA claim under section 502(a)(1)(B).

Plaintiff cites *Brainbuilders* in support of his argument that "a grant of a power of attorney may entitle the holder to bring a lawsuit in the name of the grantor." (Pl.'s Obj. 5 (quoting *Brainbuilders, LLC v. Emblem Health, Inc.*, No. 21-CV-4627, 2022 WL 3156179, at *6 (E.D.N.Y. Aug. 8, 2022))). *Brainbuilders* is distinguishable, however, since it did not involve an ERISA claim. *See* 2022 WL 3156179, at *12 ("Significantly, as [p]laintiffs concede, the Plan is not an ERISA plan . . . . As a governmental plan, the Plan is exempt from ERISA's regulatory

9

reach."). Instead, the Court is persuaded by *Medical Society of New York v. UnitedHealth Group Inc.*, which involved a similar suit for reimbursement brought under ERISA by physicians and medical practices on behalf of their patients. No. 16-CV-5265, 2017 WL 4023350 (S.D.N.Y. Sept. 11, 2017). The court in *Medical Society* rejected the plaintiffs' argument that they could pursue their patients' claims as an "authorized representative" or "attorney-in-fact." *Id.* at *7. The court concluded that because "ERISA 'unambiguously provides that a civil action . . . may be brought by a participant, beneficiary, or fiduciary,' and '[c]ourts have consistently read [this provision] as strictly limiting the universe of plaintiffs who may bring certain civil actions,'" plaintiffs "lack[ed] a cause of action under ERISA." *Id.* (quoting *Am. Psychiatric Ass'n*, 821 F.3d at 360). The court agrees with this reasoning and finds the facts of *Brainbuilders* distinguishable from those of this case.[3] Absent a "valid and binding assignment of a claim," *Physicians Health Servs. of Conn.*, 287 F.3d at 117, Plaintiff is not permitted to pursue JP's legal rights under section 502(a)(1)(B). Since a power of attorney "is not the equivalent of an assignment of ownership," *Advanced Magnetics, Inc*, 106 F.3d at 17–18, and Plaintiff is not a

---

[3] Similarly, given that binding Second Circuit precedent addresses the facts of this case, the Court is not persuaded by the other out-of-circuit cases Plaintiff relies on. *See, e.g.*, *Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018) (concluding that an "anti-assignment clause no more has power to strip [a]ppellant of its ability to act as [the patient]'s agent that it does to strip [the patient] of his own interest in his claim"; but dismissing appellant's claims on the grounds that appellant failed to properly raise and thus waived this argument); *but see Plastic Surgery Ctr. PA v. Aetna Life Ins. Co.*, 967 F.3d 218, 228 (3d Cir. 2020) ("[W]e left open the possibility that a patient could grant her provider a valid power of attorney to pursue claims for benefits on her behalf . . . ."); *see also, e.g.*, *Brannigan v. Anthem Blue Cross Blue Shield*, No. 21-CV-2353, 2022 WL 1506393, at *3 (M.D. Fla. Apr. 26, 2022) ("Considering the power of attorney and accepting all of [p]laintiff's well pleaded allegations as true, [p]laintiffs have sufficiently alleged [plaintiff]'s standing as [a]ttorney-in-[f]act for [p]atient KP, at least at this stage of the litigation.").

"participant" or a "beneficiary" pursuant to section 502(a)(1)(B), he is not entitled to raise this ERISA claim on behalf of JP.

Accordingly, the Court adopts the recommendation of the R&R and dismisses Plaintiff's claim for failure to state a cause of action under ERISA.[4]

### III. Conclusion

For the reasons stated above, the Court grants Defendant's motion to dismiss.

Dated: March 31, 2023
Brooklyn, New York

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

---

[4] Because the Court dismisses Plaintiff's claims for failure to state a cause of action under ERISA, it does not address Defendant's other arguments for dismissal.

11